THE LOUIS OLSEN.

UNITED STATES v. THE LOUIS OLSEN (NORTH AMERICAN CO., Intervener).

(District Court, D. Oregon. April 28, 1896.)

No. 4,004.

FORFEITURE OF VESSEL TO UNITED STATES—LIENS FOR SUPPLIES.

A forfeiture of a vessel to the United States cuts off liens for supplies furnished prior to the illegal act for which the forfeiture is declared, so that the lienor will have no claim on the proceeds of the forfeiture sale. The Haytian Republic, 65 Fed. 120, followed.

Daniel R. Murphy, U. S. Atty., and Chas. J. Schnabel, Asst. U. S. Atty., for libelant.

J. C. Flanders, for intervener.

BELLINGER, District Judge. The steamer Louis Olsen, having been forfeited to the United States, and sold for illegal sealing in Bering Sea, the North American Company files its libel of intervention, alleging that in July, 1894, at the port of Dutch Harbor, a foreign port, at the request of the master of the Olsen, the company furnished such vessel with provisions, supplies, and other necessaries, amounting to $400; that these supplies were necessaries, and were used by the vessel on the sealing voyage upon which she was seized, and were essential for such voyage, and were supplied in good faith, and with no knowledge that any illegal venture or voyage was about to be undertaken. Upon these facts, the intervener claims a lien against the vessel and the proceeds of sale superior to the United States in said vessel and fund, and prays that such claim, with costs, be paid out of the fund derived from the sale of the vessel. To this intervention exceptions are filed on behalf of the United States.

I was of the opinion in The Haytian Republic, 65 Fed. 120, that the forfeiture of a vessel to the United States cuts off prior claims like this, and cited The St. Jago de Cuba, 9 Wheat. 410, in support of such view. The reconsideration which I have given the question in the present case leads me to doubt the correctness of that opinion; nevertheless, I do not feel warranted in overruling it.

In U. S. v. Wilder, 3 Sumn. 314, Fed. Cas. No. 16,694, Mr. Justice Story says:

"Besides, it is by no means true that liens existing on particular things are displaced by the government becoming or succeeding to the proprietary interest. The lien of seamen's wages and of bottomry bonds exists, in all cases, as much against the government becoming proprietors, by way of pur-

chase or forfeiture, or otherwise, as it does against the particular thing in the possession of a private person."

The case was one of salvage, and the question was whether goods belonging to the United States were liable, like those of private shippers, for contribution to the expenses of saving such goods with the rest of the cargo of the wrecked vessel. The question presented here was not involved in the case, the only question being whether the government is liable for contribution for services in saving its property the same as are private parties. In case of forfeiture, "the decree of the court acts upon the thing itself, and binds the interest of all the world, whether any party actually appears or not. If it is condemned, the title of the property is completely changed, and the new title acquired by the forfeiture travels with the thing in all its future progress." Gelston v. Hoyt, 3 Wheat. 318. A forfeiture necessarily, as it seems to me, divests every existing right, whether of title or lien, or other interest, in the thing forfeited. There is no reason why it should not extinguish the right of a lienholder, equally with that of the owner. "It binds the interests of all the world." In Six Hundred Tons of Iron Ore, 9 Fed. 595, the court says:

"No matter how long afterwards proceedings are taken to enforce the forfeiture, the right of the government runs back, by relation, to the time of the commission of the wrongful acts, and cuts out all intervening claims, however innocent."

In all the cases cited where liens have been allowed against the government, holding through proceedings of forfeiture, the liens enforced were subsequent to the wrongful acts from which the forfeitures dated. Such liens, whether for supplies or services, were for the benefit of the new title, and are therefore maintained upon the principle by which subsequent claims, inuring to the benefit of the security or fund to which prior claimants must look for payment, are given precedence.

The exceptions to the libel of intervention are sustained.